UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:06-CR-192-F

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| ORVILLE RICHARDS, | ) | |
| Defendant. | ) | |

This matter is before the court on the "Motion to Reopen Based on Claim of Ineffective Assistance of Trial Counsel" [DE-] filed by the defendant, Orville Richards. The relief Richards seeks therein must be pursued in a motion under 28 U.S.C. § 2255. Under most circumstances, such a motion must be filed within one year after the subject conviction becomes final. Where, as here, the defendant filed an appeal of his conviction, "final" has been construed to mean when the defendant may no longer seek further review because of (1) the denial of a petition for certiorari to the United States Supreme Court, or (2) the expiration of the time for seeking such review. *Clay v. United States*, 537 U.S. 522, 527 (2003). A petition for a writ of certiorari is timely filed within 90 days after entry of judgment by the court of appeals. Sup.Ct.R. 13(1).

Accordingly, Richards's conviction became final for purposes of § 2255's one-year statute of limitations 90 days after the Fourth Circuit's entry of judgment affirming his conviction. Here, the Fourth Circuit's judgment was entered July 8, 2008. Because Richards did not file the instant motion until November 15, 2010–more than one year after the expiration of the July 8, 2009, deadline–it appears his motion is barred by the one-year statute of limitations.

However, as directed by the United States Supreme Court, a *pro se* litigant's "mislabled motion" may not be re-characterized as a § 2255 motion unless the court informs the litigant of its intent to re-characterize, warns the litigant that the recharacterization will subject subsequent § 2255 motions to the law's "second or successive" restrictions, and provides the litigant with an opportunity to withdraw, or to amend, the filing. *See Castro v. United States*, 540 U.S. 375, 383 (2003). Furthermore, the Fourth Circuit also has directed that a district court *sua sponte* warn a litigant that an apparently untimely habeas petition will be dismissed unless the litigant can demonstrate its timeliness. *See Hill v. Braxton,* 277 F.3d701, 702 (4th Cir. 2002); *see also McMillan v. Jarvis*, 332 F.3d 244, 250 (4th Cir. 2003) (applies also to plaintiffs represented by counsel).

Accordingly, the court affords Richards the following warnings:

### NOTICE AND OPPORTUNITY TO AMEND:

**Mr. Richards**, notwithstanding the title you have given your November 15, 2010, motion [DE-82], the court perceives that you are seeking relief from the fact or duration of your confinement, which relief may be had, if at all, pursuant to a motion filed under 28 U.S.C. § 2255. The court, therefore, intends to re-characterize your motion as a motion filed pursuant to § 2255. This re-characterization means that any subsequent § 2255 motion you file will be subject to the restrictions on "second or successive" motions set forth in that statute.[1] You therefore may **withdraw** your November 15, 2010, motion, or **amend** it so that it contains all the § 2255 claims you believe you have.

---

[1] Specifically, a second or successive § 2255 motion must be certified by a panel of the Fourth Circuit Court of Appeals to contain "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact-finder would have found [you] guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."

**Mr. Richards**, you further are advised that the waiver language in your March 2, 2007, Memorandum of Plea Agreement, at ¶ 2c, provides that you have given up your right to file any post-conviction motions, including one pursuant to 28 U.S.C. § 2255, except one based on ineffective assistance of counsel or prosecutorial misconduct not known to you at the time of your guilty plea.

**Mr. Richards**, you also are advised that your November 15, 2010, motion appears to be barred by the one-year statute of limitations applicable to § 2255 motions. A § 2255 motion must be filed within one year of: (1) the date on which your conviction becomes "final;" (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if you were prevented from making a motion by such governmental action; (3) the date on which the right asserted in your motion was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

**Mr. Richards,** in some *very* limited circumstances, the one-year statute of limitations for § 2255 motions may be subject to equitable tolling. The Fourth Circuit Court of Appeals has explained:

> that equitable tolling is available only in "those rare instances where--due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." [*Rouse v. Lee,*] 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (quotation marks omitted), *cert. denied,* [541 U.S. 905] . . . (2004) (No. 03-7892). Thus, to be entitled to equitable tolling, an otherwise time-barred petitioner must present "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." *Id.*

*United States v. Sosa,* 364 F.3d 507, 512 (4th Cir. 2004). If you believe that, although the one-year limitations period has expired, you are entitled to equitable tolling, then you must explain the extraordinary circumstances beyond your control or external to your own conduct that prevented you from filing your motion within the limitations period.

**Mr. Richards**, on or before **January 7, 2011**, you are DIRECTED to file with this court a *written notice* of your decision whether or not to withdraw or amend your November 15, 2010, motion. If you decide to *amend* your motion, you shall submit for filing a completed § 2255 form, enclosed, stating all the § 2255 claims for relief you wish to raise. Please note that the form requires that you explain why you contend that this motion is timely under the one-year statute of limitations applicable to § 2255 motions or why the one-year statute of limitations should be equitably tolled to permit you to prosecute your claim for federal habeas relief under § 2255. If you decide to *withdraw* your motion, you shall simply file a Notice of Withdrawal of Claim for Collateral Relief.

You shall mail your response to this order to:

Clerk of Court, EDNC
Prisoner Division
Sanford Federal Building
310 New Bern Avenue, Room 574
Raleigh, NC 27601

**YOU FURTHER ARE ADVISED THAT YOUR FAILURE TO RESPOND TO THIS ORDER IN A TIMELY MANNER AS DIRECTED HEREIN WILL RESULT IN THE COURT'S RE-CHARACTERIZATION OF YOUR NOVEMBER 15, 2010, MOTION AS HAVING BEEN FILED PURSUANT TO 28 U.S.C. § 2255, AND DISMISSAL OF IT AS BEING TIME-BARRED.**

SO ORDERED.

This, the 7th day of December, 2010.

                                                          JAMES C. FOX
                                                        Senior United States District Judge