UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:06-CR-192-1-F
No. 5:11-CV-8-F

| | |
|---|---|
| ORVILLE RICHARDS,<br>      Petitioner, | )<br>)<br>) |
| v. | )    **O R D E R** |
| | ) |
| UNITED STATES OF AMERICA,<br>      Respondent. | )<br>)<br>) |

Orville Richards ("Richards") was named in a six-count superseding indictment charging him with various offenses related to making false statements in the acquisition of firearms, possession of firearms by an alien, and trafficking of guns and drugs. The prosecution advanced in fits and starts, and was marked by Richards' tireless letter-writing campaign during which he and his wife relentlessly complained to the court about the conduct of the federal prosecutor and Richards' retained attorney. The case would be set for disposition then continued on several occasions due to communication problems between Richards and his lawyer and other recurring misunderstandings. Eventually, Richards entered a guilty plea to Count One of the Superseding Indictment charging him with conspiring to make false statements in connection with the acquisition of firearms and with respect to the records of licensed gun dealers. Richard's conviction and sixty-month sentence were affirmed on direct appeal. *See United States v. Richards*, No. 07-4716 (4th Cir. July 8, 2008). His sentence became final for § 2255 purposes on July 8, 2009. However, he did not initially seek collateral relief until November 15, 2010, long after expiration of the one year limitations period.

      The court gave Richards several opportunities to raise a collateral attack on his sentence, explaining the operation of the statute of limitations, the provisions for tolling, and technical

requirements for prosecuting a § 2255 motion. Eventually, Richards produced a § 2255 motion on the proper forms supplied to him by the court. Therein, he raises several arguments claiming he is entitled to relief, and accusing his lawyer, the prosecutor, United States Probation Officers, investigating agents, and the court of wrongdoing in relation to his case. He generally alleges that he was tricked into pleading guilty. In the section of the § 2255 form where petitioners are asked to explain why their § 2255 motions should be deemed timely filed, Richards declares that he believes he is entitled to relief by virtue of the Supreme Court's decision in *Padilla v. Kentucky*, 130 S. Ct. 1473 (2010), and complains that his appeal attorney filed an *Anders* brief because he could ascertain no grounds for appeal.

The court has reviewed Richards' pleadings and the court record, and relies as well on its independent recollection of the events that occurred in this case. Richards' § 2255 motion is untimely, as it was filed well outside the one-year statute of limitations period and Richards has not suggested good cause for tolling the limitations period. Moreover, Richards has not raised any substantive claims that might afford him any relief from his sentence. The record fully supports the sentence imposed herein, and the court can ascertain no grounds upon which relief might be granted.

Accordingly, this action hereby is DISMISSED, and the Clerk of Court is DIRECTED to close this case.

SO ORDERED.

This the ___1st___ day of April, 2011.

JAMES C. FOX
Senior United States District Judge